## GASSE v. DEVELOPMENT & FUNDING CO.

(Supreme Court, Equity Term, Niagara County. December 26, 1911.)

1. NUISANCE (§ 3*)—PRIVATE NUISANCE—ACTS CONSTITUTING.

Where a manufacturer of chemicals unnecessarily and frequently discharged into the open air, in large quantities, chlorine gas, which was destructive, and thereby caused substantial injury to an individual, the use by the manufacturer of his property was unreasonable and created a nuisance for which the law gave to the individual adequate relief, though a reasonable degree of inconvenience inseparable from the business of manufacturing chemicals is not ground for relief.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

2. NUISANCE (§ 50*)—PRIVATE NUISANCE—DAMAGES.

Damages caused by a nuisance resulting from an unlawful and unreasonable operation of a plant for the manufacture of gas are loss of rental value, during the continuance of the nuisance, and the actual permanent physical injury to the land and buildings, and where the nuisance has ceased, the measure of relief is regulated by the situation at the time the case is decided, and is not limited by the time of the commencement of the action for damages.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. § 50;* Damages, Cent. Dig. §§ 198, 397.]

Action by George Gasse against the Development & Funding Company. Judgment for plaintiff.

Robert J. Moore (Arthur Killian, of counsel), for plaintiff.
Cohn & Chormann (Henry G. Gray, of counsel), for defendant.

POUND, J. I fail to find any serious question of law or fact for the court to consider in this case, except the amount of damages. Adopting the picturesque language of Lord Justice James, cited by defendant in its brief (Salvin v. N. Brancepeth Coal Co., L. R. 9 Ch. App. 705), it may be safely said that Gasse is not a dryad, nor was the Evershed district a sylvan solitude when defendant came there, so we will deal with him, not as a dryad, but as an average man, dwelling, not in ancient Tuscany, but in a modern Manchester.

[1] A reasonable degree of inconvenience, inseparable from the manufacture of chemicals in the neighborhood, was thus necessarily to be expected and tolerated by him, and the court has no disposition to check the proper development of industries and manufactories, which had begun before he built his house, in order to promote his comfort or to enhance his rental values. But the question is: Did defendant carry on its business with reasonable care under the circumstances? Chlorine gas is admittedly of a destructive character. It was not necessary for defendant to discharge it into the open air in large quantities, nor could it acquire the right to do that and to impose so intolerable a discomfort upon its neighbors, by any plea for commercial convenience. Yet it did so, frequently and destructively, in a way that made the gas from its plant readily distinguishable in its effect from the others of that "foul and pestilent congregation of vapors" which at times has affronted the innocent air of Evershed. Its use of its property was unlawful, unreasonable, and a nuisance,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resulting in substantial injury to plaintiff. This conclusion of law and fact seems to be settled beyond peradventure by our reported cases. McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 81 N. E. 549, 13 L. R. A. (N. S.) 465, 12 Ann. Cas. 840.

[2] Damages fall naturally under two heads—loss of rental value while the nuisance continued, down to the destruction of defendant's plant, and the actual permanent physical injury caused to the land and building. The nuisance has ceased. The measure of relief is based 'on the rules of equity, is regulated by the situation at the time the case is decided, and not limited by the time of commencing the suit. I assess such damage at $702, and award costs to plaintiff.

Decision accordingly.